IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

WEST ALABAMA HEALTH SERVICES, INC.

    DEBTOR

IRIS SERMON

    PLAINTIFF

VS

WEST ALABAMA HEALTH SERVICES, INC.

    DEFENDANT

BK 03-70337-CMS-11

AP 07-70042-CMS

## MEMORANDUM OPINION

This matter was set for hearing on a Motion for Summary Judgment (AP Doc. 30) filed by the Debtor West Alabama Health Services, Inc. ("Debtor") in an action filed by the Plaintiff Iris Sermon ("Plaintiff") in which Plaintiff alleges that the Debtor made improper distributions under the terms of its confirmed plan. The court has considered the pleadings and submissions in support of the Motion for Summary Judgment and determines that partial summary judgment is due to be granted.

## FINDING OF FACTS

The Plaintiff is a former employee of the Debtor and by order of the court dated July 22, 2004

1

(BK Doc. 183) was found to have an allowed claim in the amount of $23,439.00. The Debtor's plan was confirmed by order entered November 26, 2003 (BK Doc. 101, NIBS Doc. 99) and under the terms of the confirmation order the Plaintiff was classified as a Class 5 general unsecured claim to be paid pro rata with other Class 5 creditors. Class 5 creditors were to be paid as follows:

> Class 5 shall consist of allowed general unsecured claims exceeding $2,000.00 in value and shall include the undersecured balance of the Robert Wood Johnson Foundation. These claims shall be paid the balance of the proceeds from the liquidation of the real property and the equipment not necessary to pay claims in classes 1 through 3A and from the proceeds of the collection of any contingent claims. If not paid in full, this class of claims shall also receive 72 equal monthly payments totaling the value of the retained assets: $415,000.00. The first monthly payment to this Class shall not be due until 30 days after Class 3B claim is paid in full.

The Plaintiff filed a two count complaint against the Debtor asserting in Count One that the Debtor failed to make distributions pursuant to the terms of the confirmation order and in Count Two asserting that the Debtor failed to properly distribute unclaimed funds.

The Debtor filed its Motion for Summary Judgment and in support of the motion filed an affidavit of Cathy Roberts, COO of the Debtor. Ms. Roberts' affidavit admitted that she misunderstood the provision of the confirmation order providing for when distribution would commence to Class 5 creditors and, in fact, there was a delay of approximately nine months in Plaintiff receiving her first distribution under the plan. Ms. Roberts also stated that there were no unclaimed funds in the case and therefore no error could have been made in the handling of unclaimed funds. There were no submissions of fact contrary to the affidavit of Ms. Roberts.

**CONCLUSIONS OF LAW**

Count One of the Plaintiff's complaint asserts that distribution was made to her contrary to the terms of the confirmation order and the Debtor admits that the distribution was not made timely

2

Case 07-70042-CMS    Doc 37    Filed 11/06/08    Entered 11/06/08 14:28:30    Desc Main
Document      Page 2 of 4

pursuant to the plan. Plaintiff seeks a judgment for damages against the Debtor and a judgment for the preconfirmation claim amount of $23,439.00 plus interest, attorneys' fees and costs. The Debtor, in its Motion for Summary Judgment, asserts that even if the allegations made by the Plaintiff are true, the Plaintiff is not entitled to the damages requested in her complaint.

The Debtor's plan was confirmed November 26, 2003 and is a final judgment establishing how Plaintiff's claim was to be paid by the Debtor. Wallis v. Justice Oaks II, LTD, 898 F.2d 1544, 1550 (11th Cir. 1990) Plaintiff's claim was to be paid pro rata with other unsecured creditors in Class 5. There is nothing in the confirmation order or plan which provided for the payment of attorney fees in the event the Debtor defaulted under the terms of its plan. Pursuant to 11 U.S.C. §1141(d)(1)(A) the Debtor's liability to the Plaintiff for any debt that arose preconfirmation was discharged. The Plaintiff's only rights against the Debtor are those provided for under the terms of the confirmation order. The Debtor has admitted that payments were not made timely as required under the plan. There was insufficient evidence for the court to determine whether or not Plaintiff may be entitled to interest for any late payments and directs the parties to file a report with the court by December 1, 2008, advising the court whether or not the parties have been able to compute the amount, if any, due for interest as a result of any late payments. The court will set a hearing date after December 1, 2008, to determine the amount of interest, if any, which may be due the Plaintiff. As such, summary judgment is denied on Count One to the extent that Plaintiff seeks interest on the late payments. Summary judgment is granted as to all other elements of Count One.

Count Two of the complaint relates to unclaimed funds. The facts show that there were no unclaimed funds, therefore summary judgment is granted as to Count Two.

3

## CONCLUSION

For the reasons stated above the court determines that the partial summary judgment should be granted in favor of the Debtor and a separate order will be entered consistent with these findings.

**DONE and ORDERED** this November 6, 2008.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge